UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 MAR -9  A 9: 25
P. HACKETT, CLK
DISTRICT COURT
DISTRICT ALA

| | |
|---|---|
| Dorothy Spikner,<br>    Plaintiff,<br><br>v.<br><br>**Americredit of Alabama, Inc.,** a domestic corporation, **Hometown Credit Corporation,** a domestic corporation, **Nissan Motor Acceptance Corporation,** a foreign corporation, **First National Collection Bureau, Inc.,** a foreign corporation, **Equifax Information Services, LLC,** a foreign Limited liability company, **Trans Union, LLC,** a foreign limited liability company,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 2:10-CV-204<br>Plaintiff Demands Jury Trial |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 18-9-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

Page 1 of 17

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Dorothy Spikner (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Troy County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant AmeriCredit of Alabama, Inc. (hereinafter referred to as "AmeriCredit" or "Defendant") is a domestic corporation that regularly furnishes credit to consumers within the state of Alabama.

5. Defendant HomeTown Credit Corporation (hereinafter referred to as "HomeTown" or "Defendant") is a domestic corporation that regularly furnishes credit to consumers within the state of Alabama.

6. Defendant Nissan Motor Acceptance Corporation (hereinafter referred to as "Nissan" or "Defendant") is a foreign corporation that regularly furnishes credit to consumers within the state of Alabama.

7. Defendant First National Collection Bureau (hereinafter referred to as "FNCB" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and

within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where ZZ regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

8. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants AmeriCredit, HomeTown, Nissan, and FNCB

10. Plaintiff reincorporates by reference herein paragraphs one (1) through nine (9).

11. Plaintiff filed for Chapter 13 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on March 3, 2008.[1]

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 03-12901.

12. Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy. For example:

   a. HomeTown reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, HomeTown for the amount of $536.00. More specifically, HomeTown reported this debt as a "[b]ad debt; placed for collection; skip . . . charged off account" as of January 1, 2010 - in excess of approximately two years after the discharge. HomeTown was listed as a creditor within Amended Schedule F- Creditors Holding Unsecured Nonpriority Claims of Plaintiff's voluntary bankruptcy petition as having a claim in the amount of $600.00.

   b. AmeriCredit reported, and continues to report, to Equifax and Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, AmeriCredit for the amount of $6,435.00. AmeriCredit was listed as a creditor within Schedule D – Creditors Holding Secured Claims of Plaintiff's voluntary bankruptcy petition as having a claim in the amount of $6,407.00.

   c. Nissan reported, and continues to report, to Equifax and Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, Nissan for the amounts of $6,648.00. More specifically, Nissan reported this debt as "[b]ad debt; placed for collection" on Equifax as of February 2, 2004 and reported the debt as "charged off as bad debt" on Trans Union as of February 28, 2004, while reporting the debt discharged in bankruptcy on Experian on February 29, 2004.

      Nissan was listed as a creditor within the Schedule D – Creditors Holding Secured Claims of Plaintiff's voluntary bankruptcy petition as having a claim in the amount of $6,636.00.

  d. FNCB has attempted to collect a discharged debt which it purchased from Dillard's Department Store (hereinafter "Dillards"). Dillards was listed as a creditor within the Schedule F – Creditors Holding Unsecured Nonpriority Claims of Plaintiff's voluntary bankruptcy petition as having a claim in the amount of $161.00. In an attempt to collect this discharged debt, FNCB sent a letter to Plaintiff on January 22, 2010 –in excess of one and a half years from the date of discharge. (*See* Exhibit A).

13. AmeriCredit, HomeTown and Nissan obtained knowledge of Plaintiff's discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

14. Furthermore, subsequent to Plaintiff's discharge, and in an attempt to collect on such discharged debts, FNCB corresponded with Plaintiff in violation of the discharge injunction (*See* Exhibit A).

15. Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks

substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

16. Notwithstanding that Defendants properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

17. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy.[2]

18. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

19. Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

20. Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

   a. 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

   b. 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if –

   (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

   (ii) the information is, in fact, inaccurate."

   c. 15 U.S.C. § 1681(a)(2) which states, "[a] person who –

   (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

   (B) has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate,</u> and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

---

[3] As indicated herein, Defendants obtained knowledge of Plaintiff's discharge.

21. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

22. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

23. Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

24. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, ADTPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendants Equifax and Trans Union:**

25. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

26. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

27. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## DEFENDANTS EQUIFAX AND TRANS UNION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

28. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-seven (27).

29. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors,

   reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiff; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiff.

30. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

31. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## DEFENDANTS AMERICREDIT, HOMETOWN, NISSAN AND FNCB
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

32. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-one (31).

33. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendants violated the FDCPA by taking one or more of the following actions against Plaintiff:

   a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the discharged debt;

    b. Taking illegal actions against Plaintiff;

    c. Refusing to properly update Plaintiff's accounts;

    d. Failing to show the accounts as being "disputed" by Plaintiff; and

    e. Reporting the invalid debt on Plaintiff's credit reports.

34. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

35. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

## COUNT THREE
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

36. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-five (35).

37. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

38. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

39. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representation as being lawful, yet such conduct is prohibited.

40. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same scrupulous, unethical, unfair and deceptive acts and practices.

41. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiff for such injury.

## COUNT FOUR
## DEFENDANTS AMERICREDIT, HOMETOWN, NISSAN AND FNCB
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

42. Plaintiff incorporates herein by reference paragraphs one (1) through forty-one (41).

43. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

44. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS AMERICREDIT, HOMETOWN, NISSAN AND FNCB
## HARASSMENT

45. Plaintiff incorporates by reference herein paragraphs one (1) through forty-four (44).

46. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiff, created a hostile enviornmnet for Plaintiff.

47. As a proximate consequence of Defendants' harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for

actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SIX
### ALL DEFENDANTS
### INVASION OF PRIVACY

48. Plaintiff incorporates by reference herein paragraphs one (1) through forty-seven (47).

49. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

50. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

51. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SEVEN
### ALL DEFENDANTS
### DEFAMATION

52. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-one (51).

53. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

54. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

55. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

56. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT EIGHT
## DEFENDANTS AMERICREDIT, HOMETOWN, NISSAN AND FNCB
## INTENTIONAL MISREPRESENTATION

57. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-six (56).

58. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

59. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

60. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

61. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DEFENDANTS AMERICREDIT, HOMETOWN, NISSAN AND FNCB
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-one (61).

63. Defendants' conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiff.

64. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT TEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

65. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-four (64).

66. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA, federal law or state law.

67. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FDCPA, FRCA, ADTPA, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

68. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

69. Defendants' action, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive relief and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 8th day of March 2010.

/s/ Jennifer Smith
Jennifer A. Smith (SMI313)
*Attorney for Plaintiff*

OF COUNSEL:
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408

**THE DEDENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**AMERICREDIT OF ALABAMA, INC.**
c/o The Corporation Company
2000 Interstate Park Drive Suite 204
Montgomery, AL 36109

**HOMETOWN CREDIT CORPORATION**
c/o Becky T. Prescott
600 South Brundidge Street Suite B
Troy, AL 36081

**NISSAN MOTOR ACCEPTANCE CORPORATION**
c/o Prentice Hall Corporation System Inc.
150 South Perry Street
Montgomery, AL 36104

**FIRST NATIONAL COLLECTION BUREAU, INC.**
c/o Lexis Document Service Inc.
150 South Perry Street
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104